**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN CORLEY,**<br><br>                                  **Plaintiff,**<br><br>           **v.**<br><br>**NATIONAL INDEMNITY COMPANY and STERLING CLAIM SERVICES, INC.,**<br><br>                                  **Defendants** | **CIVIL ACTION**<br><br>**No. 2:16-cv-00584-MMB** |

<u>**MEMORANDUM**</u>

**Baylson, J.**                                                                              **April 18, 2016**

## I.    Introduction

Plaintiff John Corley has filed a breach of insurance contract and statutory bad faith action against defendants National Indemnity Company ("National") and Sterling Claim Services, Inc. ("Sterling").

Presently pending are:

1.  Plaintiff's Motion to Remand this action back to the Philadelphia Court of Common Pleas (ECF 9);

2.  Sterling's Motion to Dismiss Plaintiff's Sixth Amended Complaint (ECF 7); and

3.  National's Motion to Strike Certain Allegations in Plaintiff's Sixth Amended Complaint (ECF 8).

For the reasons that follow, the Court will deny the Motion to Remand and grant the Motion to Dismiss as Sterling appears to have been fraudulently joined to defeat this Court's diversity jurisdiction.  The Court will also grant the Motion to Strike as Plaintiff has not offered any meaningful opposition.

## II.    Factual Allegations as to Sterling and Procedural History

This case arises out of an insurance dispute.  Plaintiff is a Pennsylvania citizen, National is a citizen of Nebraska, and Sterling is a citizen of New Jersey and Pennsylvania.

Plaintiff suffered injuries in a motor vehicle accident while operating a van on behalf of his then-employer in August 2008.  At that time, Plaintiff (via his employer) was an insured on National's underinsured motorist benefits policy.  After settling the motor vehicle claim in 2011, Plaintiff made a claim to National for benefits under the policy.  National refused to pay. Plaintiff alleges that Sterling has acted as an agent of National in processing Plaintiff's claim (presumably as an "independent adjuster," as alluded to in paragraphs four and eleven of the Sixth Amended Complaint, though Plaintiff also alleges Sterling is licensed to sell insurance in its own right).  See ECF 1 Def. Ex. A (Sixth Am. Compl.) ¶¶ 3-8, 11, 33, 44, 47, 54.

Plaintiff filed a Writ of Summons in the Philadelphia Court of Common Pleas on February 18, 2015 followed by an initial Complaint on April 15, 2015 alleging two counts against Sterling and National: 1) breach of contract for failure to pay benefits under the policy, and 2) statutory bad faith, see 42 Pa. Cons. Stat. § 8371 (2016).  ECF 14-1 Def Ex. C (docket sheet for Case No. 150202108 (Ct. Common Pleas Phila. Cty.)); ECF 14-1 Def Ex. B (initial complaint).  Notably, Plaintiff's initial Complaint attached "a true and correct copy of the applicable policy Declarations Page" (which does not mention Sterling) as Exhibit A.  ECF 14-1 Def Ex. B ¶ 1 and ECF pg. 21 of 107.

Sterling filed preliminary objections to Plaintiff's complaint on May 11.  ECF 14-1 Def. Ex. C.  Plaintiff then filed his First Amended Complaint on May 22, thereby mooting the preliminary objections.  Id.

Sterling filed preliminary objections in the state court action again on June 11, July 20, August 30, September 24,  and October 30, 2015.  Id.  Each time, Plaintiff filed an Amended

Complaint mooting said preliminary objections.  Plaintiff filed the currently operative Sixth Amended Complaint on November 22, 2015 in response to the preliminary objections of October 30.  Sterling filed preliminary objections to the Sixth Amended Complaint on December 22, 2015; Plaintiff responded to this set on January 12, 2016, and they remained pending as of the time of removal to this Court.

In the meantime, Sterling attempted to obtain discovery from Plaintiff.  As recently as October 22, 2015, Plaintiff refused to respond to Sterling's Interrogatories and Requests for Production.  ECF 14-1 Def. Ex. E.  On December 9, 2015, the Court of Common Pleas entered an Order (critically, with the consent of both parties) obligating Plaintiff to serve responses to Sterling's Requests for Production of Documents and Interrogatories by January 13, 2016.  ECF 15-2 Def. Ex. A (Dec. 9, 2015 Order in Case No. 150202108 (Ct. Common Pleas Phila. Cty.)

When Plaintiff provided discovery to Sterling, Plaintiff's responses established that Sterling never issued an insurance policy to Plaintiff and is not obligated to provide coverage under National's policy.  See ECF 14-1 Def. Ex. F (Sterling Reqs. for Admis. to Pl.) ¶¶ 1-7, 14-15.  Specifically, Plaintiff admits that "Sterling has not issued a policy of insurance to [Plaintiff]" (id. ¶ 6), "Sterling did not provide UIM coverage to [Plaintiff] under the Policy" (id. ¶ 14) and "Sterling is not obligated to provide UIM coverage to [Plaintiff] under the terms and conditions of the Policy" (id. ¶ 15).

Based on the information received from Plaintiff pursuant to the discovery order, Defendants removed the case to this Court on February 4, 2016.  ECF 1.  Plaintiff timely filed for Remand on February 19.  ECF 9.

### III.    Motion for Remand

Plaintiff makes four arguments in support of his Motion to Remand.  None are persuasive.

### A.  Alleged Procedural Deficiencies in Removal

Plaintiff claims the notice of removal is defective for failure to include certain documents from the state court action.  Defendants aver that they included the material provisions of the state court record in their Notice of Removal, and that any defect is curable regardless.

Plaintiff's argument that the Notice was defective fails.  Other courts in this District have rejected Plaintiff's argument that each and every document from the state court action must be attached to a notice of removal.  See Coralluzzo v. Darden Rests., Inc., Civil Action No. 13-6882, 2015 WL 4713275, at *7 n.5 (E.D. Pa. Aug. 6, 2015) ("Plaintiff further argues that Defendants failed to comply with § 1446(a), by failing to attach a state court order to the notice of removal. The Amended Complaint gave rise to removal, and a copy of that Amended Complaint was attached to the Notice of Removal.  [T]o the extent that a state court order should have been attached, such a failure is not fatal and may be cured.").  All material provisions have been provided.[1]

### B.  Forum Defendant Rule

Pursuant to 28 U.S.C. § 1441(b)(2) (2015), a civil action filed initially in state court which is removable on the basis of diversity jurisdiction (i.e., removable on the basis that the suit is between citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a) (2015)) cannot be removed if any defendant is a citizen of the forum state.

---

[1] The Clerk's Office did not initially docket all of the exhibits to Defendants' Notice of Removal, but they were included in the hard copy removal filing to this Court and Defendants have refiled and publicly docketed them alongside their Opposition to the Motion to Remand.  ECF 14.

Plaintiff contends that removal is improper under the forum defendant rule because Sterling is a Pennsylvania citizen.  Defendants respond that Plaintiff fraudulently joined Sterling such that the forum defendant rule does not apply.

Defendants are correct.  As discussed <u>infra</u>, Plaintiff has no colorable claim against Sterling even from just looking at the face of the pleadings.  It is only as a result of Plaintiff's procedural gamesmanship via the filing of six amended complaints that Sterling not yet been heard on its motions to dismiss.  Accordingly, since "fraudulently joined parties may be disregarded," <u>Steel Valley Auth. v. Union Switch and Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987), the forum defendant rule does not require remand here.

### C. Voluntary-Involuntary Rule

As this Court has previously held, "[u]nder the voluntary-involuntary rule, a case that is not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant." <u>Rubino v. Genuardi's Inc.</u>, Civil Action No. 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011). Plaintiff argues that the "voluntary-involuntary" rule bars removal because the case did not become removable from a voluntary act of the Plaintiff.  Defendants claim that Plaintiff's providing conclusive evidence of Sterling's fraudulent joinder via the discovery responses is a voluntary act.

The "voluntary-involuntary" rule does not require remand.  The removal statute specifies that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (2016) (emphasis added).

Several district courts have held that for purposes of this rule, "requests for admissions qualify as an 'other paper.'" Brown v. Modell's PA II, Inc., Civil Action No. 08-1528, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008).

In this case, pursuant to a voluntarily-agreed upon Order from the Court of Common Pleas, Plaintiff served responses to requests for admission on January 13, 2016. These responses conclusively established that Plaintiff fraudulently joined Sterling, when Plaintiff admitted that he has no basis for a breach of contract action against Sterling, as the only alleged contract referenced in the Sixth Amended Complaint is the policy between National and Plaintiff. Plaintiff admitted Sterling is not a party. ECF 14-1 Def. Ex. F (Sterling Reqs. for Admis. to Pl.) ¶¶ 1-7, 14-15. Within 30 days of service of that "other paper," Defendants filed for removal.

### D. Defendants' Alleged Litigation Misconduct

Plaintiff avers that certain alleged litigation misconduct by Defendants precludes removal. Defendants deny Plaintiff's accusations and argue that any such misconduct would not bar removal in any event. The Court expresses no opinion on the merits of these allegations because even if they had occurred, Plaintiff cannot cite any case law for the proposition that they would bar removal.

### E. Conclusion

Plaintiff fails to offer any reason why this case should be remanded. Accordingly, Plaintiff's Motion to Remand shall be denied.

### IV.      Sterling's Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and

citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In support of Sterling's Motion to Dismiss (ECF 7), Sterling asserts that it is not a party to Plaintiff's insurance contract with National and also that Sterling is not an "insurer" for purposes of bad faith claims.  Plaintiff baldly states in his Opposition to the Motion to Dismiss, without any reference to factual support in the Sixth Amended Complaint, that "[t]he claims against Sterling Claim Services, Inc., are all valid, colorable claims against that individual corporate Defendant" (ECF 10 at 8).  Plaintiff does not otherwise respond meaningfully to the merits of the Motion to Dismiss.

As to Count I (breach of contract), Sterling correctly argues that nothing in the Sixth Amended Complaint pleads facts supporting the allegation that Sterling owed any contractual duty to Plaintiff.  The insurance policy attached as Exhibit A to Plaintiff's Sixth Amended Complaint, the only agreement on which Plaintiff pleads breach of contract, does not mention Sterling at all, let alone as Plaintiff's insurer.  ECF 1 Def. Ex. A (Sixth Am. Compl.) at ECF page no. 54 of 73 (Ex. A to Pl.'s Sixth Am. Compl.).  Pennsylvania law does not permit Plaintiff to recover for any role Sterling, as an adjuster, may have played in National's alleged breach. Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 672 (Pa. 1970) ("The adjusters had a duty to their principals, the insurance companies, to perform whatever tasks were assigned to them, but this duty did not serve to create a contractual obligation between the adjusters and appellants."); see also Beaver v. Kemper Nat'l Ins. Cos., No. CIV. A. 93-3663, 1994 WL 77399, at *2 (E.D. Pa. Mar. 10, 1994) ("In the absence of a contractual or other relationship between plaintiffs and the adjustor defendants obligating them to fulfill the terms of Kemper's contract with the

insureds or to otherwise pay plaintiffs under the alleged settlement agreement, there is no colorable claim against the adjustor defendants for the alleged breach of said agreement.").

Count II similarly fails because Sterling is not an "insurer" within the meaning of 42 Pa. Cons. Stat. § 8371 (2016). Other courts in this district have flatly held that the statute "does not apply [] to insurance adjusters." Peer v. Minn. Mut. Fire & Cas. Co., No. CIV. A. 93-2338, 1993 WL 533283, at *5 (E.D. Pa. Dec. 23, 1993).

More recently, in attempting to define who is an "insurer" for purposes of the bad faith statute, the Pennsylvania Superior Court has emphasized the importance of "two factors: (1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as an insurer." Brown v. Progressive Ins. Co., 860 A.2d 493, 498 (Pa. Super. Ct. 2004). Sterling is not an insurer under this metric. It is not included as a party to Plaintiff's insurance contract with National. Nor does the Sixth Amended Complaint even plead that Sterling acted as Plaintiff's insurer. E.g., ECF 1 Def. Ex. A (Sixth Am. Compl.) ¶ 23 (National obligated to provide insurance coverage). Accordingly, there is simply no basis for a bad faith claim against Sterling. See Stephano v. Tri-Arc Fin. Servs., Inc., No. 3:CV-07-0743, 2008 WL 625011, at *4 (M.D. Pa. Mar. 4, 2008) ("[Adjuster] Frontier's alleged actions in this case consist of conducting the investigation of Hodgins' supposed policy with Progressive Insurance . . . Accordingly, because Plaintiff is unable to allege that Frontier is an insurer under 42 Pa. Cons. Stat. § 8371, her claim against it will be dismissed.").

## V.    National's Motion to Strike

The Court may strike material from a pleading pursuant to Federal Rule of Civil Procedure 12(f). "To prevail [on a motion to strike], the moving party must demonstrate that the allegations have no possible relation to the controversy and may cause prejudice to one of the

parties, or that the allegations confuse the issues." <u>DeLa Cruz v. Piccari Press</u>, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (citations omitted).

In support of National's Motion to Strike (ECF 8-1), National avers that:

1. The Introduction and Paragraph 11 of the Sixth Amended Complaint relate to Plaintiff's justifications for amending the complaint six times;

2. Paragraphs 5, 6, 8, 9, and 10 of Plaintiff's Sixth Amended Complaint pertaining to Sterling's articles of incorporation have no relevance to any claim; and

3. Paragraphs 62(i)-(k) and 62(x)-(y) include allegations about National and its counsel's conduct during the litigation, none of which could bear on a claim for statutory bad faith.

Plaintiff does not meaningfully oppose the Motion to Strike (ECF 11), arguing instead simply that the Motion is "frivolous to the extreme" and that it should be denied as moot to the extent the Court grants the Motion to Remand.

All of Defendants' arguments are well grounded.  Plaintiff's justifications for amending the complaint six times (Introduction and Paragraph 11), claims regarding Sterling's articles of incorporation (Paragraphs 5, 6, 8, 9, and 10) and accusations regarding National's conduct during the litigation (Paragraphs 62(i)-(k) and 62(x)-(y)) have no relevance to any remaining causes of action.  Therefore, the Court shall grant National's Motion.

**VI.    Conclusion**

For the reasons detailed above, Plaintiff's Motion to Remand shall be denied, Sterling's Motion to Dismiss shall be granted, and National's Motion to Strike shall be granted.

An appropriate Order follows.

O:\CIVIL 16\16-584 Corley v. National Indemnity Co\16cv584 opinion re remand MTD and MTR.docx