IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CORLEY,<br><br>                              **Plaintiff,**<br><br>v.<br><br>NATIONAL INDEMNITY COMPANY and STERLING CLAIM SERVICES, INC.,<br><br>                              **Defendants** | CIVIL ACTION<br><br>No. 2:16-cv-00584-MMB |

## MEMORANDUM

**Baylson, J.**                                                                                              **August 1, 2016**

This case was removed to this Court as of February 4, 2016, having been initially filed in the Court of Common Pleas of Philadelphia County. ECF 1. The record of the state court proceedings, which is now on file with this Court, shows that Plaintiff filed six different Amended Complaints – each time promptly after Defendant Sterling Claim Services, Inc. ("Sterling") filed preliminary objections to the prior version. See ECF 22; ECF 14-1 Def. Ex. C. Plaintiff's counsel, Jay Lawrence Fulmer ("Fulmer"), continued to file Amended Complaints with nearly-identical factual contentions against Sterling despite the existence of information showing that Sterling served only as an insurance adjuster for Defendant National Indemnity Company and was not properly a party. For example, Fulmer asserted that Sterling was licensed to sell and issue insurance policies and that Sterling was an "insurer" within the meaning of 42 Pa.C.S. §8371. ECF 22-3 Def. Ex. C.

After the case was removed to this Court, Plaintiff filed a Motion to Remand (ECF 9) and an Opposition to Sterling's Motion to Dismiss (ECF 10), both of which continued the allegations against Sterling which documentation showed were untrue.

1

This Court then issued an Order on April 18, 2016 (ECF 17), which reviewed the previously filed papers, denied the Motion to Remand, and granted Sterling's Motion to Dismiss. The Court additionally ordered Fulmer, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, to show cause why sanctions should not be imposed on him personally. The Court held a hearing on the issue on May 16, 2016.

Fulmer, represented by personal counsel, filed responses to the order to show cause (ECF 21, 30) which took the position that this Court is without power or jurisdiction to impose sanctions against him for conduct in the Court of Common Pleas. After substantial research, the Court agrees with this point of law.

However, the Court nonetheless finds that in the Motion to Remand and in opposing Sterling's Motion to Dismiss, Fulmer continued, without any factual basis, to argue that Sterling was a proper defendant in this case. The issue is not, as Fulmer suggests, a mere failure to correctly label a potential claim by Plaintiff against Sterling under Pennsylvania's Consumer Protection Law. See ECF 21 at 14-15. It is instead Fulmer's persistence in asserting, without any citation and in contravention of binding Pennsylvania precedent (see ECF 16 at 7-8), that Plaintiff had "valid, colorable claims" against Sterling (ECF 10 at 8) stemming from factual misrepresentations in the Sixth Amended Complaint. As the Court noted at the May 16 hearing, "[B]ased on the communications from Defense counsel, Mr. Fulmer was on a duty-- had an obligation to fully investigate whether he had a valid claim against Sterling, and all he did was kept amending it with very minor adjustments and this caused a great deal of expense to Sterling for counsel fees and for its own time, including the time of its witness to be deposed and expense and then coming down here." ECF 33 at 23:12-19.

The Court finds that because Fulmer's conduct was improper under all the circumstances, it would be appropriate to impose sanctions limited to the costs (including attorney's fees) Defendants incurred in responding to the Motion to Remand and the Opposition to Sterling's Motion to Dismiss.[1]  The responses of National (ECF 22, 31) have to date been ambiguous as to whether National desires sanctions, however.[2]  National most recently stated that it would "not be adverse to a decision" of this Court requiring Fulmer to compensate Sterling for money Sterling had to spend in legal fees due to Fulmer's actions.   ECF 22.  If the Defendants wish to pursue sanctions, they should file a Bill of Costs, and any legal memorandum in support thereof, within fourteen (14) days.

The Court notes that in his submissions and during the May 16 hearing, Fulmer argued that this Court's failure to mention Fulmer's federal court misconduct in the April 18 order to show cause somehow precludes Fulmer's behavior in this Court from forming the basis for sanctions.  ECF 33 at 34:7-35:7; ECF 30 at 1 n.1.  This argument borders on the frivolous, as there is no conceptual difference between Fulmer continuing to assert state court complaints against Sterling in contravention of the relevant facts and Fulmer then making those same assertions in this Court.  In addition, Fulmer refused to testify at the May 16 hearing even after the Court mentioned that his federal court behavior could form the basis for sanctions.  See ECF 33 at 11:20-25; 24:18-19.  In keeping with a wide body of case law concerning adverse

---

[1] Although this sanction would not be payable to the Defendants under Rule 11 since it is not the result of a sanctions motion, see Fed. R. Civ. P. 11(c)(4), 28 U.S.C. § 1927 allows for fee shifting.  The Court finds the section 1927 standard has been satisfied as Fulmer's conduct was willful and in bad faith, as Fulmer clearly attempted to keep Sterling as a defendant solely to prevent this action from being removed from the Philadelphia Court of Common Pleas.  See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002).

[2] Curiously, Sterling did not file its own response as to the Court's order to show cause even though Sterling appears to have incurred the brunt of the expense from Fulmer's behavior.

inferences in civil actions,[3] this Court infers that Fulmer's choice to remain silent in the face of that notice warrants an inference that he had nothing favorable to state in his own defense. In an abundance of caution, however, the Court will allow Fulmer to submit a reply brief within seven (7) days of Defendants' filing in which he may assert any additional defenses or explanation.

O:\CIVIL 16\16-584 Corley v. National Indemnity Co\16cv584 Memorandum re Sanctions.docx

---

[3] Cf. S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 190 (3d Cir. 1994) ("[R]eliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits."); ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc., 249 F. Supp. 2d 622, 678 (E.D. Pa. 2003) (citations omitted) ("A missing witness instruction is permissible when a party fails to call a witness who is either (1) favorably disposed to testify for that party, by virtue of status or relationship with the party or (2) peculiarly available to that party, such as being within the party's exclusive control."), amended, 268 F. Supp. 2d 448 (E.D. Pa. 2003).