IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CORLEY,<br><br>          **Plaintiff,**<br><br>v.<br><br>NATIONAL INDEMNITY COMPANY and STERLING CLAIM SERVICES, INC.,<br><br>          **Defendants** | CIVIL ACTION<br><br>No. 2:16-cv-00584-MMB |

**MEMORANDUM**

Baylson, J.                                 September 9, 2016

By Memorandum and Order dated April 18, 2016 (ECF 16, 17), this Court denied Plaintiff's Motion to Remand this action back to the Philadelphia Court of Common Pleas (ECF 9), and granted Defendant Sterling Claim Services, Inc.'s ("Sterling") Motion to Dismiss Plaintiff's Sixth Amended Complaint (ECF 7). Following these holdings, the Court required Plaintiff's counsel Jay Lawrence Fulmer ("Mr. Fulmer") to show cause why sanctions should not be imposed on him and/or his client for, among other things, "continually asserting Sterling was a proper defendant." ECF 17.

By Order dated August 1, 2016 (ECF 37), following an evidentiary hearing, the Court found that sanctions were appropriate against Mr. Fulmer for conduct summarized in an accompanying Opinion (ECF 36) and in a prior Memorandum dated April 18, 2016 (ECF 16), relating to his efforts to remand this case back to the Court of Common Pleas of Philadelphia County. Mr. Fulmer has moved for reconsideration (ECF 40) and has objected (ECF 45) to Defendants' Bill of Costs (ECF 41). The Court addressed Mr. Fulmer's Motion at oral argument on September 8, 2016.

For the reasons that follow, the Court will grant the Motion for Reconsideration and vacate its order of August 1 because it was inappropriate for the Court to take an adverse inference from Mr. Fulmer's refusal to testify at the evidentiary hearing. However, Mr. Fulmer shall nevertheless still be sanctioned for his unreasonable and vexatious conduct in continuing to pursue baseless claims against Sterling. As outlined below, Mr. Fulmer ignored binding case law and his own admissions on behalf of his client in an effort to keep Sterling as a defendant so as to defeat removal of this action to this Court on the basis of diversity jurisdiction.

**1.      The Court Will Vacate the Memorandum and Order dated August 1, 2016**

In the course of the August 1, 2016 Memorandum, this Court erroneously noted that it could make an adverse inference concerning Mr. Fulmer's failure to testify at the evidentiary hearing on May 16, 2016. The Court failed to give sufficient weight to a Declaration filed by Mr. Fulmer prior to the hearing (ECF 21-4 Ex. A), in which Mr. Fulmer attempted to justify his conduct in the case. The Court indicated, after learning that Mr. Fulmer did not want to testify, that the Court would decide the case on "the papers," including the Declaration submitted by Mr. Fulmer. ECF 33 at 23:9-10. Because Mr. Fulmer submitted this sworn Declaration, he was entirely within his rights as a matter of his own strategy (with his personal counsel present with him at the May 16 hearing) to decline to offer further testimony. The Court also notes that counsel for Defendant could have called Mr. Fulmer for cross-examination at the sanctions hearing, but chose not to.

During the course of the August 1 Opinion, the Court did make an adverse inference against Mr. Fulmer, which was improper under all of the circumstances, and warrants this Court vacating the prior Memorandum. Although the citations were intended to merely be analogous authority, the Court clarifies that there was no reason for the Court to reference cases concerning

a Fifth Amendment refusal to testify since Mr. Fulmer's sworn Declaration was substantive testimony.

Therefore, Mr. Fulmer's Motion for Reconsideration (ECF 40) will be granted and the Court shall vacate the August 1 Memorandum and Order.

**2.     Reviewing the record, including the Briefs signed by Mr. Fulmer in this Court (ECF 9, 10) and his sworn Declaration (ECF 21-4 Ex. A), the Court concludes that its prior determination that Mr. Fulmer's conduct was sanctionable was proper**

The Court cites for background three principles of Pennsylvania insurance practice. First, it is undisputable that under Pennsylvania law, only an insurer (as distinct from an adjuster) can be liable for breach of an insurance contract. Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 672 (Pa. 1970). Secondly, only an insurer can be liable for bad faith under the Pennsylvania statute. 42 Pa. Cons. Stat. § 8371 (2016); Stephano v. Tri-Arc Fin. Servs., Inc., No. 3:CV-07-0743, 2008 WL 625011, at *4 (M.D. Pa. Mar. 4, 2008). Third, the Pennsylvania Insurance Department keeps records as to which entities have registered as insurers and such records are available and easily searchable to the public.[1] As the Court previously held, ECF 16, it is therefore clear that Sterling cannot be liable to Plaintiff for breach of contract or statutory bad faith as Sterling is not an insurer. It is equally clear that any reasonable investigation of Sterling's corporate status would have revealed that Sterling is not an insurer.

As additional background on the propriety of sanctions, the Third Circuit has specifically affirmed a finding that a lawyer who willfully "continued to prosecute a frivolous and meritless action even after being informed on at least three occasions by the defendants that the claim was colorless" had acted in bad faith. Ford v. Temple Hosp., 790 F.2d 342, 346, 350 (3d Cir. 1986) ("Based on the foregoing, we hold that the district court's finding of bad faith is not clearly

---

[1] "Licensed Companies," Pennsylvania Insurance Department, https://www.insurance.state.pa.us/dsf/gfsearch.html (last visited Sept. 9, 2016).

erroneous as to the continuance of the litigation after the motion for summary judgment was filed, and, would support an award of attorneys' fees to Temple and the Union under the bad faith exception to the American Rule.").[2] Other courts have similarly awarded attorney's fees as a sanction where "defendants have had to defend against an utterly frivolous motion to remand." See Phillips v. Kapp, 87 F.R.D. 548, 550 (S.D.N.Y. 1980).

Turning to the facts of this case, it is very clear from the exchange of information when this case was pending in the Court of Common Pleas that Sterling, by its counsel, represented as early as April 19, 2015 (see ECF 31 Def. Ex. I p. 8 of 9) and again on September 4, 2015, October 16, 2015, and February 2, 2016 (see ECF 14-1 Def. Ex. D pp. 44-54 of 107), that it was not an insurer, it had not issued any insurance policy, and its only relationship to this case was that it was a Pennsylvania-based insurance adjuster who acted as an agent for insurance companies. Defendants repeated these arguments in this Court. See ECF 1 at 7-8 (Notice of Removal); ECF 7-1 (Sterling Motion to Dismiss); ECF 15-1 (Defendants' Opposition to Plaintiff's Motion to Remand).

What, then, did Mr. Fulmer do in the face of these arguments? The record is clear that Mr. Fulmer, as counsel for Plaintiff, made no effort to check on Sterling's registration with Harrisburg. The record does not show any investigative work or legal or records research by Mr. Fulmer attempting to establish that Sterling was licensed by the Pennsylvania Insurance Department, which could be easily established and verified if that was the case.

Nor did Mr. Fulmer supply any factual material to Defendants to rebut their accusations of factual misrepresentation.[3] In fact, Mr. Fulmer admitted on his client's behalf that as to the

---

[2] See also Lewis v. Smith, 480 F. App'x 696, 699 (3d Cir. 2012) (unpublished) (noting that a "contemporaneous letter put Bailey on notice that his case was potentially meritless" weighed in favor of finding bad faith).
[3] See ECF 1 at p. 7 of 73 (accusing Mr. Fulmer of including in his latest complaint "the demonstrably false assertion that Sterling 'was duly licensed to transact insurance business and to sell and issue insurance policies . . .'").

4

breach of contract claim, Sterling had no contract with Plaintiff. ECF 1 at 9 (quoting Plaintiff's discovery responses for the proposition that Plaintiff had no insurance contract with Sterling).

Nor did Mr. Fulmer attempt to engage with any of the legal flaws in his case, including a holding from the Pennsylvania Supreme Court (Hudock) squarely rejecting any basis for a breach of contract claim against Sterling. Instead, Mr. Fulmer simply asserted that one of the grounds for remand was that the "forum defendant" rule barred removal, which necessarily implies that the naming of Sterling as a defendant was completely proper. ECF 9 at 17 ("Removal by the defendants on diversity grounds was procedurally defective pursuant to **_28 U.S.C. § 1441(b) (2)_**, the so-called **_'forum defendant rule,'_** because Sterling Claims Services, Inc. was admitted by moving defendants to be a Pennsylvania corporation at the time of removal.") (emphasis in original).[4] Plaintiff's Opposition to Sterling's Motion to Dismiss (ECF 10) similarly asserts, without any elaboration or citation, that Plaintiff's purported claims were "valid [and] colorable." Mr. Fulmer made these arguments before this Court despite multiple Defendant citations to Hudock and despite his own admissions in discovery that Sterling had no contractual relationship to Plaintiff.

The lack of any investigation by Mr. Fulmer, after being put on notice of Sterling's limited relationship to this case as an adjuster acting on behalf of an insurer, supports an inference that Mr. Fulmer's conduct was objectively unreasonable. See In re Prosser, 777 F.3d 154, 163 (3d Cir. 2015) (The "failure to engage in such a reasonable inquiry to ensure their accusations had a basis in fact indicates that they engaged in objectively unreasonable conduct" such that sanctions under Section 1927 were warranted). So, too, does Mr. Fulmer's failure to respond in any way to Hudock. Loftus v. Se. Pa. Transp. Auth., 8 F. Supp. 2d 458, 461 (E.D. Pa.

---

[4] Also, it is important to note that although this Court allows reply briefs on all disputed motions, Mr. Fulmer did not file a reply brief in support of his Motion to Remand, after Sterling once again asserted in its response to the Motion to Remand that Sterling had been fraudulently joined.

1998) ("When a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebuttable defense, bad faith can be implied."), aff'd, 187 F.3d 626 (3d Cir. 1999), cert denied, 120 S. Ct. 581 (1999).[5]

The only common sense conclusion to be drawn from Mr. Fulmer's behavior is that Mr. Fulmer was acting in bad faith in an attempt to prevent the case from proceeding in this Court by fraudulently joining Sterling as a non-diverse defendant. Mr. Fulmer's sworn Declaration submitted in response to this Court's Order to Show Cause of April 18, 2016 (ECF 21-4 Ex. A), does not go into any detail about the propriety of continuing to keep Sterling as a defendant and moving for remand in the face of Plaintiff's own discovery admissions that Plaintiff had no insurance contract with Sterling. Nor does the declaration detail investigation in response to Defendants' September 2015 letter noting the factual misrepresentations in Plaintiff's Amended Complaints.

Quite simply, Mr. Fulmer ignored both controlling law and the undisputed facts of this case in pleading that Sterling could be liable to Plaintiff for breach of contract and statutory bad faith. As a result, Defendants were forced to incur needless expense in responding to Plaintiff's Motion to Remand and Plaintiff's Opposition to Sterling's Motion to Dismiss.[6] As another court in this Circuit held, a "cavalier disregard for the undisputed facts of this case and the applicable law" warrants sanctions under 28 U.S.C. § 1927. See Murphy v. Hous. Auth. and Urban Redevelopment Agency of City of Atl. City, 158 F. Supp. 2d 438, 450 (D.N.J. 2001), aff'd, 51 F. App'x 82 (3d Cir. 2002) (unpublished).

---

[5] This is so even if the lawsuit was initially filed in good faith. Boykin v. Bloomsburg Univ. of Pa, 905 F. Supp. 1335, 1347 (M.D. Pa. 1995) ("Under § 1927, even if a lawsuit was initially filed in good faith, sanctions may be imposed on an attorney for all costs and fees incurred after the continuation of the suit which is deemed to be in bad faith."), aff'd, 91 F.3d 122 (3d Cir. 1996).

[6] The Court again clarifies that it is not sanctioning Mr. Fulmer for his behavior in state court, including but not limited to filing six separate Amended Complaints before finally responding to the merits of Sterling's preliminary objections.

As to the amount of sanctions to be imposed, that is a matter for this Court's discretion. Ford, 790 F.2d at 347. Although Defendants have requested $6,451.50 in attorney's fees, this Court shall award only the sum of $1,000. This reduction reflects the fact that some portions of the Motion to Remand, such as those arguing procedural defect (see ECF 9 at 12-16), do not warrant sanctioning. The Court also notes that it rejects Mr. Fulmer's contention that Defendant National Indemnity Company's voluntary payment of Sterling's legal fees absolves Mr. Fulmer of the obligation to compensate National for fees incurred in responding to Plaintiff's Opposition to Sterling's Motion to Dismiss. Mr. Fulmer cites no case law in the context of sanctions for this proposition, and allowing him to avoid payment based on the happenstance of Defendants' fee arrangements would not further "the principal purpose of imposing sanctions under 28 U.S.C. § 1927[, which is] the deterrence of intentional and unnecessary delay in the proceedings." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002).

An appropriate Order follows.

O:\CIVIL 16\16-584 Corley v. National Indemnity Co\16cv584 Memorandum Sanctiosn 09092016.docx