IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN CORLEY,**<br><br>                                         **Plaintiff,**<br><br>                    v.<br><br>**NATIONAL INDEMNITY COMPANY and STERLING CLAIM SERVICES, INC.,**<br><br>                                         **Defendants** | **CIVIL ACTION**<br><br>**No. 2:16-cv-00584-MMB** |

### MEMORANDUM

Baylson, J.                                                                                                  September 9, 2016

Presently pending before the Court are two Motions filed by Defendant National Indemnity Company ("National"). National seeks:

> 1) an order bifurcating and staying discovery on Plaintiff John Corley's ("Plaintiff") statutory bad faith claim until Plaintiff's claim for breach of an underinsured motorist insurance contract has been resolved (ECF 39); and
>
> 2) a protective order permitting National to withhold from discovery certain materials that National claims constitute protected non-attorney work product (ECF 38).

The Court held oral argument on these Motions on September 8 and had a follow-up telephone conference on September 9.

National's Motion to Stay and Bifurcate shall be granted. Both parties agreed that with the exception of a brief continuation of Defendant's deposition of Plaintiff, discovery as to breach of contract is complete and the claim is essentially ready for trial. Discovery and related motion practice in the bad faith action, by contrast, will likely continue well into the summer and fall of 2017. Because the breach of contract trial will be limited to damages, the proceedings

should not be lengthy. This Court has bifurcated bad faith actions in the past,[1] and finds that doing so again here is appropriate.

The Court is aware of Judge Leeson, Jr.'s well-reasoned opinion denying a motion for bifurcation in <u>Wagner v. Allstate Insurance Company</u>, No. 5:14-CV-07326, 2016 WL 233790 (E.D. Pa. Jan. 19, 2016). The Court nevertheless believes that on this record, bifurcation is appropriate as a matter of fairness, efficiency, and the conservation of judicial resources.

As to the Motion for a Protective Order, the Court shall deny the Motion without prejudice to renewal at the conclusion of trial on the breach of contract claim. As stated in the accompanying Order, all discovery on the bad faith claim shall be stayed until further order of the Court.

An appropriate Order follows.

O:\CIVIL 16\16-584 Corley v. National Indemnity Co\16cv584 Memorandum re Birfurcation 09082016.docx

---

[1] <u>See</u> <u>Charter Oak Ins. Co. v. Maglio Fresh Food</u>, 979 F. Supp. 2d 581, 598 n.13 (E.D. Pa. 2013) (noting that the parties agreed to proceed with coverage issues before resolving bad faith claim).